IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 3:21-cv-00252 |
| v. ) | |
| ) | Judge William L. Campbell, Jr. |
| $50,800 UNITED STATES CURRENCY ) | |
| CONCEALED IN TWO PARCELS ) | |
| ) | |
| Defendants. ) | |

## ENTRY OF DEFAULT AS TO DEFENDANT PROPERTY

Pending is Plaintiff's Application to Clerk for Entry of Default as All Persons and Entities who may have an interest in $50,800 United States Currency Concealed in Two Parcels ("Defendant Property") pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. (Doc. No. 5). For the foregoing reasons, Plaintiff's Application is **GRANTED**.

Plaintiff filed its Verified Complaint In Rem on March 24, 2021, seeking forfeiture of the Defendant Property pursuant to 21 U.S.C. §881. (Doc. No. 1). Plaintiff filed the pending Application for Entry of Default on August 17, 2021. (Doc. No. 5).

Pursuant to Local Rule 55.01, motions for entry of default under Fed. R. Civ. P. 55(a) must be accompanied by an unsworn declaration under penalty of perjury under 28 U.S.C. § 1746 verifying: (i) proof of service; (ii) the opposing party's failure to plead or otherwise defend; (iii) if the opposing party is an individual, that the opposing party is not a minor or incompetent person; and, (iv) if the opposing party is an individual, that the opposing party is not in the military service,

1

as required by 50 U.S.C. § 3931(b)(1). In support of its Application, Plaintiff filed the Declaration of Veronica Lane. (Doc. No. 5-1).

With regard to service of process, Lane declares that copies of the Verified Complaint, supporting Declaration, and Notice of Judicial Forfeiture were sent to potential claimants, Robert Pearson, Callida Garcia, and Eva Durte via regular first class and certified mail on April 5, 2021. (Doc. No. 5-1 at ¶ 3). Return receipts were received for the mailings to Pearson and Garcia. *Id.* at ¶ 5. The mailings to Durte were returned as "Not Deliverable as Addressed," however, because, as Lane explained, "Durte is suspected to be fictitious because law enforcement checks could not confirm through open source data bases that any person by the addressee's name resided at the address." *Id.* at ¶ 4.

Lane's Declaration also verifies that 1) no person or entity has filed a claim or answer, or otherwise made an appearance in this action; 2) Pearson and Garcia are not minors or incompetent persons, and 3) Pearson and Garcia are not in the military service of the United States. (Doc. No. 5-1 at ¶¶ 10-12; Doc. No. 5-5). Lane further states that "[b]ecause Eva Durte is suspected to be a fictitious person, no date of birth nor social security number was located for Eva Durte and therefore I was unable to determine if any person named Eva Durte is in the military service of the United States or is not a minor or incompetent person." (Doc. No. 5-1 at ¶ 13).

Pursuant to Supplemental Rule G, the United States is required to give both general notice of this In Rem action to the public as well as direct notice to any known potential claimants. The United States may satisfy the public notice requirements of Fed. R. Civ. P. Supp. R. G(4)(a)(iv)(C) with publication "on an official internet government forfeiture site for at least 30 consecutive days." Direct notice "must be sent by means reasonably calculated to reach the potential claimant." Fed. R. Civ. P. Supp. G(4)(b)(iii)(A). "Actual notice, however, is not required. Instead, the

2

Case 3:21-cv-00252   Document 6   Filed 09/15/21   Page 2 of 4 PageID #: 97

Government must show a reasonable attempt to provide actual notice." *United States v. Mayes*, No. 3:14-CR-147-TAV-DCP, 2018 WL 3602971, at *5, at (E.D. Tenn. July 5, 2018), *report and recommendation adopted*, No. 3:14-CR-147-TAV-DCP, 2018 WL 3594986 (E.D. Tenn. July 26, 2018) (internal citations omitted). Notice may be sent to either the claimant or the attorney representing him or her with respect to the forfeiture or a related proceeding. Fed. R. Civ. P. Supp. G(4)(b)(iii)(B). "The adequacy of notice is measured at the time the notice was sent." *United States v. Latham*, 54 F. App'x 441, 444 (6th Cir. 2002).

With regard to direct notice, as stated above, Plaintiff sent copies of the Verified Complaint and Notice of Judicial Forfeiture to the potential claimants via regular first class and certified mail on April 5, 2021. (Doc. No. 5-1 at ¶ 3).

The Government also seeks entry of default as to any and all persons or entities who may claim to have an interest in the Defendant Property. In support of the Government's application, Stewart declares that publication of the Notice of Judicial Forfeiture Proceedings was made online at [www.forfeiture.gov,](www.forfeiture.gov) the official internet government forfeiture site, for 30 consecutive days beginning on March 31, 2021 and ending on April 29, 2021. (Doc. Nos. 5-1 at ¶ 7 and 5-4). Pursuant to Supplemental Rule G(5)(a)(ii)(B), all persons must file a claim "no later than 60 days after the first day of publication on an official internet government forfeiture site."

More than sixty (60) days have passed since the first day of publication of the notice on the official government internet web site and no person or entity has filed a claim or answer, or otherwise made an appearance in this action. (Doc. No. 5-1 at ¶¶ 8-10). The time for filing a claim pursuant to Rule G(5) of the Supplemental Rules has expired.

For the foregoing reasons, Plaintiff's Application to Clerk for Entry of Default as to All Persons and Entities who may claim to have an interest in $50,800 United States Currency Concealed in Two Parcels (Doc. No. 5) is hereby **GRANTED.**

s/ Lynda M. Hill
Lynda M. Hill
Clerk of Court
